OPINION
{¶ 1} The defendant-appellant, Jonathan N. Brooks ("Brooks"), appeals the judgment of the Crawford County Common Pleas Court sentencing him to an aggregate prison term of six years.
 {¶ 2} On May 9, 2005, the Crawford County Grand Jury returned a two count indictment against Brooks. The indictment charged Brooks with two counts of rape, violations of R.C.2907.02(A)(1)(b), felonies of the first degree. On July 19, 2005, the State of Ohio ("State") and Brooks entered into a negotiated plea. The State amended the indictment to charge Brooks with two counts of gross sexual imposition, violations of R.C.2907.05(A)(4), and Brooks withdrew his previously tendered pleas of not guilty and pled guilty to the amended charges. The trial court held a sentencing hearing on November 21, 2005 and filed its sentencing judgment entry on November 22, 2005. The court ordered Brooks to serve two consecutive three year prison terms, for an aggregate sentence of six years in prison. Brooks appeals the trial court's judgment and asserts the following assignment of error:
The sentencing court erred by imposing consecutive sentencesin violation of the mandates set forth within 2929.19 and 2929.14of the Ohio Revised Code.
 {¶ 3} In the sole assignment of error, Brooks contends the trial court erred by sentencing him to consecutive sentences because it failed to make the findings required by R.C.2929.14(E)(4), and it failed to state its reasons to support the findings. In a supplemental brief, Brooks contends the trial court's sentence should be reversed in light of the Ohio Supreme Court's holding in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In Foster, the court found R.C. 2929.14(E) unconstitutional because it requires trial courts to make findings based on facts that have either not been determined by a jury or not been admitted by the defendant. Foster, supra at paragraph 3 of the syllabus (citing Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; Blakelyv. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403). Because the Supreme Court found R.C. 2929.14(E)(4) unconstitutional, it determined that the sentences imposed in pending cases and those cases on direct appeal are void and must be remanded to the trial courts. Id. at ¶¶ 103-104. Therefore, we are required to vacate Brooks' sentence and remand this cause to the trial court for additional proceedings.
 {¶ 4} The sentence of the Crawford County Common Pleas Court is vacated, and this cause is remanded for further proceedings.
Sentence vacated and cause remanded.
 Shaw and Cupp, JJ., concur.